Fletcher A. Robbe, Esq.  SBN: 67295
600 La Terraza Blvd.
Escondido, CA 92025
Tel: (858)500-0710
Email: mkinser@dalrada.com
frobbe@frobbeintl.com

Attorney for Plaintiff,
DALRADA FINANCIAL CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EMPOWER GENOMICS CORP., a Wyoming corporation;

Plaintiffs,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, a government agency; XAVIER BECERRA, in his official capacity as secretary for U.S. Dept. of Health and Human Services; CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS), a government agency; DOES 1 through 50, inclusive,

Defendants.

Case No.: **'26 CV 3899 WQHMMP**

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [Administrative Procedure Act 5 U.S.C. Section 706(1); Mandamus 28 U.S.C. section 1361]**

### I. INTRODUCTION

This is an action to compel Defendants to comply with a final, binding administrative decision issued by the Office of Medicare Hearings and Appeals ("OMHA"), which awarded Plaintiff Medicare reimbursement payments in the approximate amount of $600,000.00

The Administrative Law Judge ("ALJ") decision is final and was not appealed within the agency. Accordingly, it constitutes final agency action.

Despite the finality of the decision, Defendants have unlawfully withheld payment and failed to implement the ALJ's monetary determination.

1

Plaintiff seeks relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to perform their nondiscretionary duty to effectuate payment.

**II. JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 706(Administrative Procedure Act); and 28 U.S.C. § 1361 (Mandamus Act)

This Court has authority to compel agency action unlawfully withheld under 5 U.S.C. § 706(1). Venue is proper under 28 U.S.C. § 1391(e) because Defendants are officers and agencies of the United States acting in their official capacities.

**III. PARTIES**

Plaintiff is a Medicare-enrolled provider who furnished COVID-19 testing services reimbursable under Medicare and related federal programs.

Defendant Xavier Becerra is the Secretary of the U.S. Department of Health and Human Services, responsible for oversight and administration of Medicare programs.

Defendant Centers for Medicare & Medicaid Services (CMS) is the federal agency responsible for administering Medicare payment determinations and effectuating final administrative decisions.

Defendant U.S. Department of Health and Human Services, responsible for oversight and administration of Medicare programs.

**IV. FACTUAL BACKGROUND**

Plaintiff submitted claims for Medicare reimbursement for COVID-19 testing services rendered during the COVID-19 public health emergency.

CMS denied or failed to fully reimburse Plaintiff's claims.

Plaintiff timely pursued administrative remedies under the Medicare appeals process, culminating in a hearing before the Office of Medicare Hearings and Appeals.

On or about May 5, 2025 an Administrative Law Judge issued a final decision in favor of Plaintiff, awarding reimbursement in the approximate amount of $600,000. (Attached hereto as **Exhibit "A"** is a true and correct copy of the Decision by the Office of Medicare Hearings and Appeals).

The ALJ decision was not appealed to the Medicare Appeals Council within the prescribed period and therefore became final agency action.

Despite the final decision, Defendants have failed and refused to implement payment of the adjudicated amount indicating over a year after the Final Decision, that they still have not updated their system to reflect the ALJ order.

Plaintiff has exhausted all administrative remedies available.

Defendants' refusal to pay constitutes unlawful withholding of agency action and a failure to perform a nondiscretionary duty required by law.

**V. CLAIM FOR RELIEF I** (Administrative Procedure Act – 5 U.S.C. § 706(1))

Plaintiff incorporates all preceding paragraphs.

The APA requires this Court to "compel agency action unlawfully withheld or unreasonably delayed."

Defendants have a clear, nondiscretionary duty to implement and effectuate final Medicare ALJ decisions.

The ALJ decision constitutes final agency action establishing both liability and a fixed monetary obligation.

Defendants' failure to pay the $600,000 award is unlawful withholding of agency action within the meaning of 5 U.S.C. § 706(1).  *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270 (1987).

Plaintiff is entitled to an order compelling immediate payment of the full adjudicated amount.

**VI. CLAIM FOR RELIEF II** (Mandamus – 28 U.S.C. § 1361)

Plaintiff incorporates all preceding paragraphs.

3

Defendants owe Plaintiff a clear, ministerial, and nondiscretionary duty to implement the final ALJ decision and issue payment. *Kerr v. U.S. District Court* 426 U.S. 394 (1976) Mandamus is appropriate only for "clear nondiscretionary duties").

Plaintiff has a clear right to relief, Defendants have a clear duty to act, and there is no other adequate remedy available. (*Cheney v. U.S District Court* 542 U.S. 367 (2004) CMS has a clear ministerial duty to implement a final ALJ award).

Defendants' refusal to pay constitutes a failure to perform a duty owed to Plaintiff under federal law.

Accordingly, Plaintiff is entitled to a writ of mandamus compelling Defendants to effectuate payment.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the ALJ decision awarding Plaintiff $600,000 is final, binding, and enforceable;

B. Order Defendants to immediately implement the ALJ decision and pay Plaintiff the full amount of $600,000;

C. Issue a writ of mandamus compelling Defendants to perform their nondiscretionary duty to effectuate payment;

D. Award any applicable interest authorized by law;

E. Grant such other and further relief as the Court deems just and proper.

//

//

4

## VIII. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 1, 2026

By: _Fletcher Robbe_____
FLETCHER A. ROBBE, Esq.
Attorney for Plaintiff